IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                           ) | CRIMINAL NO. 94-00067-WS |
| ) | |
| GREGORY MAURICE SMITH,           ) | |
| ) | |
|     Defendant.                          ) | |

**ORDER**

    This matter comes before the Court on defendant Gregory Maurice Smith's Motion to Dismiss for Lack of Subject Matter Jurisdiction (doc. 332).

    In July 1994, after a jury trial, Smith was found guilty of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846; possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841; and interstate transportation in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952(a). In October 1994, Senior District Judge Hand imposed a sentence of life on each of the § 841 and § 846 counts, to be served concurrently, as well as 60 months to be served concurrently on the racketeering charge. In fixing a life sentence on the two drug counts, Judge Hand made a finding by a preponderance of the evidence that Smith was involved with a minimum of 15 kilograms of crack cocaine. Judge Hand also imposed a three-level enhancement to Smith's offense level based on his role as a lieutenant in the crack cocaine distribution conspiracy. Based on a total offense level of 43 and a criminal history category of IV, Smith's sentencing guidelines range for the crack cocaine counts was life.

    Smith's conviction and sentence were affirmed on appeal in the fall of 1998. His motion to vacate his sentence under 28 U.S.C. § 2255 was denied by Judge Hand in February 1999 and, upon reconsideration, was denied again in April 2004. The Eleventh Circuit declined to issue a certificate of appealability to allow Smith to appeal the denial of his § 2255 motion, on the grounds that he had failed to make a substantial showing of the denial of a constitutional right.

    In May 2004, Judge Hand reduced Smith's sentence on the drug counts from life to 360

months, pursuant to the retroactive effect of Amendment 505 to the Sentencing Guidelines.

Now, 15 years after his conviction, Smith files a Motion to Dismiss, arguing that Judge Hand "lacked subject-matter jurisdiction to sentence defendant above the statutory maximum authorized for the 'crime of conviction' as reflected in the jury verdict." (Doc. 332, at 7.) Smith's theory is a variant on the once-popular *Apprendi* argument that because there was no jury finding beyond a reasonable doubt of the amount of crack cocaine for which he is responsible, he could not be sentenced under any quantity-based enhanced statutory maximum provisions of § 841, including specifically the statutory maximum of life applicable under § 841(b)(1)(A) for controlled substance distribution offenses involving 50 grams or more of crack cocaine. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *United States v. Ciszkowski*, 492 F.3d 1264, 1268-69 (11th Cir. 2007) ("*Apprendi* requires that a jury determine any fact that subjects a defendant to an increased penalty beyond the prescribed statutory maximum."). So, according to Smith, the fact that the jury made no findings of drug quantity means that his sentence could not exceed the default 20-year maximum of § 841(b)(1)(C), and that Judge Hand lacked subject-matter jurisdiction to sentence him above that 20-year maximum.

Smith's Motion is frivolous for at least three reasons. First, to the extent that Smith maintains that Judge Hand lacked jurisdiction to sentence him in this case, his argument fundamentally misapprehends the concept of subject matter jurisdiction. As the Eleventh Circuit has explained:

> "Congress has provided the district courts with jurisdiction-'exclusive of the courts of the States'-of 'all offenses against the laws of the United States.' 18 U.S.C. § 3231. The United States filed an indictment charging Alikhani with violating 'laws of the United States,' and § 3231 on its face empowered the district court to enter judgment upon the merits of the indictment ...."

*Alikhani v. United States*, 200 F.3d 732, 734-35 (11th Cir. 2000) (recognizing that even if the Government fails to allege or prove an interstate-commerce element, or if the Government fails to allege citizenship in a case requiring proof of citizenship, subject matter jurisdiction remains); *see also United States v. Tinoco*, 304 F.3d 1088, 1104 n.18 (11th Cir. 2002) (pointing out that

subject matter jurisdiction in every criminal case stems from § 3231 and that "in almost all criminal cases, that's the beginning and the end of the jurisdictional inquiry") (internal quotations and citations omitted).  The same is true here.  Smith's jurisdictional argument is baseless.  The Indictment plainly charged him with violating laws of the United States and empowered the District Court to enter judgment on said Indictment.  Subject matter jurisdiction was proper.

Second, while an *Apprendi* violation may be actionable in the form of a § 2255 motion, Smith cannot be heard on such a motion at this time without prior approval from the Eleventh Circuit because he has previously filed a § 2255 motion.  Indeed, the law is clear that "[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from [the Eleventh Circuit] before filing a successive § 2255 motion." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005).  In particular, "[a] second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals...." 28 U.S.C. § 2255.  Moreover, a petitioner must seek and obtain this certification "[*b*]*efore* a second or successive application ... is filed in the district court ...." 28 U.S.C. § 2244(b)(3)(A) (emphasis added).  Smith having failed to seek (much less obtain) leave from the Eleventh Circuit, any attempt by him to bring a successive § 2255 motion disguised as an objection to subject matter jurisdiction is improper and this Court lacks jurisdiction to consider it.  *See* 28 U.S.C. § 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (affirming denial of Rule 60(b) motion construed as a successive § 2255 motion when the defendant had not received authorization to file a successive habeas petition).

Third, even if Smith's *Apprendi*-style argument were properly raised at this time without running afoul of the proscriptions against unauthorized successive § 2255 petitions, that argument would fail on the merits because the rule in *Apprendi* is unavailable to him.  *Apprendi* was not decided until June 2000.  Smith's conviction became final back in 1998 when the Eleventh Circuit dismissed his direct appeal for want of prosecution, and the time expired for him to seek review by the U.S. Supreme Court.  Binding authority is clear that *Apprendi* does not apply retroactively to cases on collateral review.  *See, e.g., McCoy v. United States*, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactive to cases on collateral review); *In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000) (denying the retroactive application

of *Apprendi* to permit second or successive habeas petitions).  Thus, even if Smith's objection to the lack of a jury finding of drug quantity were properly presented at this time (which it is not), he could not be granted relief on such an argument, as a matter of law.[1]

For all of the foregoing reasons, defendant's Motion to Dismiss (doc. 332) is **denied** as frivolous.

**DONE** and **ORDERED** this 2nd day of June, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] Incidentally, the court file reflects that in July 2001, Smith applied to the Eleventh Circuit for authorization to file a second § 2255 motion for the stated purpose of pursuing an *Apprendi* claim very similar to that which he attempts to advance today.  The Eleventh Circuit denied his application because his proposed *Apprendi* claim failed to satisfy the statutory criteria for second and successive § 2255 motions to vacate, inasmuch as *Apprendi* is not a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  At the same time, the Eleventh Circuit refused to allow him to raise a territorial jurisdiction argument via successive § 2255 petition for the same reason.  (*See* doc. 235.)