IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 94-00067-WS** |
| | ) | |
| **GREGORY MAURICE SMITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on defendant Gregory Maurice Smith's Motion for Reconsideration (doc. 334) and Motion to Correct Clerical Error (doc. 335).

On June 2, 2009, the undersigned entered an Order (doc. 333) denying as frivolous Smith's motion to dismiss for lack of subject matter jurisdiction, which was predicated on the fact that the sentencing judge (not the jury) made the drug quantity findings on which his sentence was based back in October 1994. The June 2 Order found that subject matter jurisdiction was plainly present pursuant to 18 U.S.C. § 3231 because Smith was charged with and convicted of violating laws of the United States. In his Motion for Reconsideration, Smith insists that even if he misunderstands the concept of subject matter jurisdiction, the fact remains that he has challenged it. This much is true, but the fact also remains that his challenge is utterly meritless for the reasons stated in the June 2 Order. The mere fact of a frivolous challenge to jurisdiction is not a valid basis for reconsideration.

Smith also attempts to distance himself from his failed *Apprendi* argument by insisting that he "challenges the jurisdiction of the court to impose a sentence greater than that authorized by Congress for the crime of conviction, where there is no Congressional authorization for such imposition." (Doc. 334, at 3.) This contention is simply counterfactual. Smith was convicted of, among other things, violations of 21 U.S.C. §§ 841 and 846. For those offenses, Congress provided that the violator "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life" if the quantity of crack cocaine exceeds 50 grams. 21 U.S.C. § 841(b)(1). At sentencing, Judge Hand made a finding by a preponderance of the evidence that

the quantity of crack cocaine for which Smith was responsible was a minimum of 15 kilograms, and sentenced him to life (later reduced to 360 months).  If Smith's contention is that Congress did not authorize a life (or 360-month) sentence for violations of §§ 841 and 846, he is mistaken, given the plain language of § 841(b)(1).  If (despite his protestations otherwise) his contention is that the jury and not the sentencing judge should have made the drug quantity findings that triggered his eligibility for an enhanced penalty under § 841(b)(1), then that is an improper *Apprendi* argument for the reasons stated in the June 2 Order.  Either way, Smith has raised no colorable basis for questioning the subject matter jurisdiction of this District Court to enter judgment against him some 15 years after the fact.  The Motion for Reconsideration is therefore **denied**.

As for the Motion to Correct Clerical Error, Smith contends that his October 1994 Judgment mistakenly reflects a criminal history category of IV, where the PSR reflected that he had only 5 criminal history points, which would place him in criminal history category III.  He is incorrect.  Smith's Motion omits the fact that the PSR stated that while his "criminal convictions result in a subtotal criminal history score of 5," an additional 2 criminal history points were added pursuant to U.S.S.G. § 4A1.1(d) because Smith was on probation for a previous conviction at the time of committing the offenses of conviction herein.  (PSR (doc. 316), ¶¶ 29-30.)  Thus, the PSR concluded that Smith had a total of 7 criminal history points, which equates to a criminal history category of IV.  (*Id.*, ¶ 31.)  At sentencing, Judge Hand adopted these portions of the PSR and properly assigned a criminal history category of IV in computing Smith's sentence.  There was no clerical error in the Judgment; therefore, Smith's Motion to Correct Clerical Error (doc. 335) is **denied**.

**DONE** and **ORDERED** this 26th day of June, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE